UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEE MONBO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cv-02547 (APM) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF NAVY et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

### I.

Pro se Plaintiff Dee Monbo protests her three-year debarment as a federal contractor by the Navy in 2023. Plaintiff advances no less than 14 claims. Counts One through Four allege violations of the Administrative Procedure Act (APA) for failing to provide proper notice of the debarment consistent with applicable regulations. Third Am. APA Compl., ECF No. 29 [hereinafter Compl.], at 22–23. Counts Five and Six assert violations of the APA for failing to provide proper notice of suspension consistent with applicable regulations. *Id.* at 24. Counts Seven and Eight advance tort claims of interference with prospective economic advantage and defamation per se, respectively. *Id.* at 25–26. Counts Nine and Ten assert that the APA bars the Navy's attempt to collect $15,400 from Plaintiff's company, Monbo Group International (MGI), due to a purportedly preclusive ruling from the Armed Services Board of Contract Appeals (the "Board"). *Id.* at 27–29. Counts Eleven and Twelve are styled as APA claims but allege violations of the First and Fifth Amendments, respectively, based upon Defendants' purported false statements about MGI's unpaid debt to the Navy. *Id.* at 29–31. Count Thirteen seeks a writ of

mandamus compelling the Navy to comply with the Board's ruling. *Id.* at 31–32. And Count Fourteen asks for injunctive relief that would bar Defendants from debarring or suspending Plaintiff in the future. *Id.* at 32–33.

Before the court are the parties' cross-motions for summary judgment. Plaintiff's motion centers entirely on the contention that applicable regulations required the Navy to provide her notice of potential debarment by certified mail, but she received notice only by email at dmonbo@monbogroup.com. Pl.'s Mot. for Summ. J., ECF No. 41 [hereinafter Pl.'s Mot.]. Defendants cross-move as to all counts. Defs.' Cross-Mot. for Summ. J. [hereinafter Defs.' Mot.], ECF No. 46, Defs.' Combined Mem. in Supp. of Defs.' Mot. & in Opp'n to Pl.'s Mot., ECF No. 46-1 [hereinafter Defs.' Mem.]. Plaintiff also has filed a host of motions to supplement the administrative record and for judicial notice, ECF Nos. 34, 56, 58, 61, 66, which Defendants oppose, ECF Nos. 39, 68. For the reasons explained below, the court grants Defendants' motion in full and denies Plaintiffs' motions.

## II.

### A.

The court begins with Counts One through Four. Plaintiff asserts violations of the APA based on the Navy's failure to comply with regulations that, at the time, required proposed debarment and final debarment notices be delivered by "certified mail, return receipt requested." Pl.'s Mot. at 4, 6–9 (citing 48 C.F.R. § 9.406-3(c), (e)(1) (2023)). There is no dispute that the Navy sent her notices via email to dmonbo@monbogroup.com, instead of by certified mail. AR-001–004.[1] But that service choice was not fatal. As Defendants explain, at the relevant time, the Under Secretary of Defense for Acquisition and Sustainment authorized debarring officials to deviate

---

[1] Citations to the Administrative Record, ECF No. 70, use the format "AR-" followed by the last three digits of the Bates number.

2

from the certified-mail requirement and "to provide [suspension and debarment] notices and decisions to contractors electronically via-email and/or secure file exchange service." Defs.' Mem. at 12 (citing Under Sec'y Def., *Class Deviation 2020-O0014—Flexibilities for Electronic Delivery of Information Related to Suspension and Debarments* (Apr. 4, 2020), https://www.acq.osd.mil/dpap/policy/policyvault/USA000802-20-DPC.pdf). The Navy's transmission of Plaintiff's proposed notice of debarment and the debarment decision by email therefore did not violate the APA.

In her reply brief, Plaintiff appears to concede that notice by email was permissible, but nevertheless contends that the Navy sent the notices to the *wrong* email address. She argues that regulations required delivery to the "email address in the contractor's [Sam.gov] registration," which for her is deemonbo@yahoo.com. Pl.'s Reply in Supp. of Pl.'s Mot. & Opp'n to Defs.' Mot., ECF No. 63, at 5, 10 (citing 48 C.F.R. § 9.406-3(c)(1) (2025)). But that regulatory specification did not come into effect until January 17, 2025. Therefore, it is not relevant to whether the Navy violated the APA in 2023. Accordingly, the court grants Defendants summary judgment as to Counts One through Four.[2]

**B.**

The APA claims in Counts Five and Six are not cognizable. The asserted violations center on the failure to proper serve *suspension* notices. Compl. at 24 (citing 48 C.F.R. § 9-407-3(c),

---

[2] To the extent that Plaintiff's first cause of action challenges the debarment as arbitrary and capricious, Plaintiff has made little effort to make such showing. *See* Pl.'s Mot. at 10. She contends that, in debarring her, the Navy failed to consider that MGI "submitted the **lowest and winning bid price** in the amount of **$256,000.00** to the Federal Mediation and Conciliation Service (FMCS) when they decided to debar Plaintiff from government contracting and cut off Plaintiff's livelihood, at issue." *Id.* But Plaintiff nowhere explains why that fact matters to the debarment determination. Defendants "determined by a preponderance of the evidence that Monbo Group International caused a fraudulent past performance questionnaire to be submitted to another Federal Agency and failed to respond to the Navy's demand to recover the overpayment." Defs.' Mem. at 13 (citing AR-021–027, -200–202). That decision was not arbitrary and capricious.

(e)(1) (2023)). The Navy did not suspend Plaintiff; it debarred her. She therefore fails to state APA claims in Counts Five and Six.

### C.

Plaintiff's claims in Counts Seven, Eight, Eleven, and Twelve are foreclosed either for naming improper defendants or by sovereign immunity. Plaintiff has sued Defendants in their "official capacities," which is tantamount to a suit against the Navy. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). But tort claims are not cognizable against federal agencies, only the United States. 28 U.S.C. § 2679(a). So, Plaintiff has named the wrong defendant.

But even if the court were to construe her claims as against the United States, the United States has not waived its sovereign immunity as to the common law torts of tortious interference with prospective economic advantage, *see Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1153–55 (D.C. Cir. 1985), and defamation, *see Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 666 (D.C. Cir. 2006) (per curiam). The same is true for constitutional torts. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Summary judgment therefore is entered in favor of Defendants as to Counts Seven, Eight, Eleven, and Twelve.

### D.

Plaintiff's claims in Counts Nine, Ten, and Thirteen are essentially contract claims over which the court lacks subject matter jurisdiction. Styled as APA and mandamus claims, Plaintiff challenges the Navy's effort to collect $15,400 in overpayments made to MGI under its contract with the Navy. Plaintiff lacks standing to challenge the collection effort—MGI is the property party—and such claims belong in the U.S. Court of Federal Claims. *See Am. Airways Charters, Inc. v. Regan*, 746 F.2d 865, 873 n.14 (D.C. Cir. 1984) ("[N]o shareholder—not even a sole shareholder—has standing to bring suit in his individual capacity on a claim that belongs to the

corporation."); *Ingersoll-Rand Co. v. United States*, 780 F.2d 74, 77 (D.C. Cir. 1985) (stating that it is a "well-accepted proposition that a plaintiff may not avoid [contract remedies] merely by alleging violations of regulatory or statutory provisions rather than breach of contract"). Summary judgment is therefore granted to Defendants as to those counts.

### E.

Finally, the court denies Plaintiff's request for injunctive relief in Count Fourteen, as she has not established the merits of any claim.

### III.

For the foregoing reasons, Defendants' motion for summary judgment, ECF No. 46, is granted, and Plaintiff's motion for summary judgment, ECF No. 41, is denied. Additionally, the court denies Plaintiff's various motions to supplement the administrative record as she has offered only a boilerplate reason for doing so, ECF Nos. 34, 56, 58, 61, as well as her motion for judicial notice, ECF No. 66, because the facts she identifies are merely record facts that are not judicially noticeable.

A final, appealable order accompanies this Memorandum Opinion.

Dated: September 26, 2025

Amit P. Mehta
United States District Court Judge